**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| S.H., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | |
| UNIVERSITY OF MARYLAND BALTIMORE COUNTY, | * | Case No.: 1:23-cv-01463-ELH |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant University of Maryland Baltimore County ("UMBC"), by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(1), hereby submits this Memorandum of Law in Support of Defendant's Partial Motion to Dismiss.  For the reasons stated below, the Court should dismiss Plaintiffs' breach of contract claim asserted in count IV of the Complaint because it is barred by the State's sovereign immunity.

## **INTRODUCTION**

In this action, six former and current members of UMBC's swim team allege that they were victims of sexual abuse, harassment, and discrimination perpetrated by the former Head Coach of the swim team, Chad Cradock.  In Counts I-III of their Complaint, Plaintiffs assert claims under Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.* ("Title IX") for discrimination (Count I), sexual abuse or harassment (Count II), and deliberate indifference to harassment (Count III).  In Count IV, Plaintiffs assert a breach of contract claim based on UMBC's alleged breach of its contractual obligations under its Title IX polices.

For the reasons set forth below, Plaintiffs' breach of contract claim in Count IV of their

Complaint should be dismissed because it is barred by the State of Maryland's Eleventh Amendment sovereign immunity, thereby depriving the Court of subject matter jurisdiction over the claim.[1]

## LEGAL STANDARD

Under Rule 12(b)(1), Plaintiffs bear the burden of proving the existence of subject matter jurisdiction.  *Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).  "When a defendant makes a facial challenge to subject matter jurisdiction, 'the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  The Fourth Circuit has affirmed that sovereign immunity is a jurisdictional bar. *See Cunningham v. Gen. Dynamics Info. Tech., Inc*., 888 F.3d 640, 649 (4th Cir. 2018) ("sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction.") (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009))); *Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

---

[1] Pursuant to this Court's decision in *Singhal & Co., Inc. v. VersaTech, Inc.*, Civ. No. JKB-19-1209, 2019 WL 4120434, at *6 n.2 (D. Md. Aug. 27, 2019), this partial motion to dismiss stays further proceedings, including Defendant's Answer, until the court rules on this motion.  *See id.* ("[T]he Court . . . follows the majority view that a partial motion to dismiss stays the time to file a responsive pleading."); *see also Saman v. LBDP, Inc.*, Civ. No. DKC 12-1083, 2012 WL 5463031, at *4 n.1 (D. Md. Nov. 7, 2012) (staying proceedings on all counts pending the Court's ruling on a partial motion to dismiss).

## ARGUMENT

In Count IV of their Complaint, Plaintiffs assert a breach of contract claim based on UMBC's alleged failure to enforce its Title IX policies against Cradock.  Compl. at ¶¶ 150-52. Plaintiffs' breach of contract claim against UMBC should be dismissed because it is barred by the State of Maryland's Eleventh Amendment sovereign immunity.

UMBC is a constituent institution of the University System of Maryland, which is an independent governmental unit of the State of Maryland.  *See* Md. Code Ann., Educ. §§ 12-101(b)(6)(ii); 12-102(a).  UMBC is an arm of the State and partakes in its Eleventh Amendment sovereign immunity.  *See* Md. Code Ann., Educ. §§ 12-101(b)(6)(ii); 12-102(a);  *Palotai v. Univ. of Md. Coll. Park*, 959 F. Supp. 714, 716 (D. Md. 1997) ("The immunity that the Eleventh Amendment confers extends also to state agencies and instrumentalities. The University of Maryland is such an arm of the State partaking of the State's Eleventh Amendment immunity.") (internal quotation marks and citation omitted)).

The Fourth Circuit has set forth three exceptions to a State's Eleventh Amendment immunity.

> First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority.  *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).… Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).… Third, "[a] State remains free to waive its Eleventh Amendment immunity from suit in a federal court." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002).

*Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012) (internal quotations omitted).  The first two exceptions do not apply to Plaintiffs' breach of contract claim, which is not brought pursuant to a federal statute.  Additionally, the third exception does not apply

because Maryland has not waived its sovereign immunity with respect to Plaintiffs' breach of contract claim.

Maryland has enacted a limited waiver of sovereign immunity in contract actions by providing that "the State, its officers, and its units may not raise the defense of sovereign immunity in a contract action, *in a court of the State*, based on *a written contract that an official or employee executed for the State* or 1 of its units while the official or employee was acting within the scope of the authority of the official or employee."  Md. Code Ann., State Gov't § 12-201(a) (emphasis added).  This waiver of sovereign immunity is conditioned upon the claimant filing "suit within 1 year after the later of:  (1) the date on which the claim arose; or (2) the completion of the contract that gives rise to the claim."  *Id.* at § 12-202.  Consequently, the State has only waived sovereign immunity for breach of contract claims if there is a written contract signed by the authorized authority and the claim is brought in State court within one year of the date the claim arose or the completion of the contract gave rise to the claim.  State Gov't §§ 12-201 & 12-202.  In light of this limited waiver of sovereign immunity, Plaintiffs' breach of contract claim is barred by Eleventh Amendment sovereign immunity for several reasons.

First, Maryland's waiver of sovereign immunity is limited to actions brought within "a court of the state."  State Gov't § 12-201(a).  Therefore, Plaintiffs' contract claim cannot proceed in federal court.  *See State v. Sharafeldin*, 382 Md. 129, 149 (2004) (citing § 12-201 and stating that "[t]here was clearly no intent on the part of the Legislature to waive the State's Eleventh Amendment immunity in [breach of contract] actions in Federal court . . . ."); *see also MedSense, LLC v. Univ. Sys. Of Md.*, 420 F. Supp. 3d 382, 396 (D. Md. 2019) (plaintiff's breach of contract claims against "state entities cannot survive in federal court").

Second, Plaintiffs have failed to allege the existence of a written contract executed by an

4

authorized official or employee of the State.  Plaintiffs' breach of contract claim is premised on UMBC's Title IX policies, which Plaintiffs assert "contain[] express contractual obligations on behalf of UMBC for the benefit of Plaintiffs."  Compl. at ¶ 143.  Plaintiffs do not allege, however, that the Title IX policies were signed by an authorized official or employee of the State.  As both Maryland courts and this Court have found, unsigned written policies and other documents cannot satisfy the criteria for the limited waiver of sovereign immunity set forth in State Gov't § 12-201(a).  *See, e.g., Stern v. Bd. of Regents, Univ. Sys. of Md.*, 380 Md. 691, 722-23 (2004) (written tuition bill did not satisfy requirements of § 12-201(a) because it was not signed); *Keerikkattil v. Hrabowski*, No. WMN-13-2016, 2013 WL 5368744, at *8 (D. Md. Sept. 23, 2013) (allegations that UMBC breached promises set forth in its official publications were "insufficient to allege the existence of a written contract that can overcome Maryland's sovereign immunity"); *Student "A" v. Hogan*, 513 F. Supp. 3d 638, 644 (D. Md. 2021) (USM schools' advertisements about the in-person interactions, benefits, and activities available to their students could not be construed as a contract that satisfies the waiver language in § 12-201(a)).

Finally, Plaintiffs' contract claim is barred because Plaintiffs did not file suit within one year of UMBC's alleged breach.  Specifically, Plaintiffs claim that UMBC breached its Title IX policies by failing to enforce them with respect to Cradock's alleged conduct.  *See* Compl. at ¶ 150 (alleging that UMBC failed to adhere to its obligations under the Title IX policy by Cradock engaging in sexual assault and discrimination and by failing to address his alleged conduct); Compl. at ¶ 151 (alleging that UMBC failed to adhere to its contractual obligations by not responding to Cradock's "harassment and abuse"); and Compl. at ¶ 152 (alleging that UMBC breached its contractual obligations by failing to enforce the "No Contact Instructions" and "Campus Restriction" regarding Cradock and failing to prevent Cradock's retaliatory conduct).

However, as Plaintiffs acknowledge in their Complaint, Cradock committed suicide in March 2021.  Compl. at ¶ 113.  Therefore, any alleged breaches of the Title IX policies by UMBC with respect to Cradock could not occur after March 2021.  Plaintiffs filed the instant law suit on May 31, 2023, over two years after Cradock's death.  As a result, Plaintiffs breach of contract claim based on UMBC's alleged response to Cradock's conduct was not filed within one year of the alleged breach and, consequently, the claims are barred under State Gov't § 12-202.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Partial Motion to Dismiss and dismiss Plaintiffs' breach of contract claim in Count IV of the Complaint.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ LILLIAN L. REYNOLDS
ANN M. SHERIDAN (FED. BAR 11137)
LILLIAN L. REYNOLDS (FED. BAR 30225)
Assistant Attorneys General
Higher Education Division
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202-2021
Phone: (410) 576-6481
Fax: (410) 576-6437
asheridan@oag.state.md.us
lreynolds@oag.state.md.us

*Attorneys for Defendant*